UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:12-22116-CIV-SEITZ/SIMONTON

PHILIP WORDSDALE and
MAUREEN WORDSDALE,

      Plaintiffs,

v.

NCL (BAHAMAS), LTD.,

      Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on Defendant's Amended Motion to Dismiss Count II: Loss of Consortium [DE-7]. Plaintiffs' two count Complaint alleges a cause of action for negligence and one for loss of consortium. Defendant seeks to dismiss the loss of consortium claim because general maritime law does not support a claim for loss of consortium. Because neither the Supreme Court nor the Eleventh Circuit recognize claims for loss of consortium under general maritime law, Defendant's Motion is granted.

The parties agree that general maritime law governs this case. The Eleventh Circuit has clearly stated that "neither the Jones Act nor general maritime law authorizes recovery for loss of society or consortium in personal injury cases." *Lollie v. Brown Marine Service, Inc.*, 995 F.2d 1565, 1565 (11th Cir 1993), see also *In re Amtrak "Sunset Limited" Train Crash in Bayou Canot, Alabama*, 121 F.3d 1421, 1429 (11th Cir. 1997). Plaintiff argues that the later decided Supreme Court case *Atlantic Sounding Co. v. Townsend*, 558 U.S. 404 (2009), controls and holds that common law remedies extend to federal maritime actions. *Townsend,* which held that an injured seaman may recover punitive damages for his employer's willful failure to pay

maintenance and cure, was based on the long established tradition of punitive damages being an available remedy under general maritime law. *Id.* at 424.

The Eleventh Circuit has not revisited the issue of loss of consortium claims under general maritime law since the ruling in *Townsend*. However, the Eight Circuit has. In *Doyle v. Graske*, 579 F.3d 898, 906 (8th Cir. 2009), the court found "that there is no well-established admiralty rule, as there is with respect to punitive damages, authorizing loss-of-consortium damages as a general matter." The Eighth Circuit went on to examine congressional enactments in maritime law, the Jones Act and DOHSA, and found that allowing recovery for loss of consortium would give rise to serious disparities between general maritime law and legislative policies, which would be counter to the importance that the Supreme Court has placed on uniformity in maritime law. *Id.* at 907-08 (*citing Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990)). Consequently, Plaintiffs' loss of consortium claim is dismissed because general maritime law does not recognize such a cause of action.

Accordingly, it is hereby

ORDERED THAT Defendants' Amended Motion to Dismiss Count II: Loss of Consortium [DE-7] is GRANTED. Count II of the Complaint is DISMISSED with prejudice.

DONE and ORDERED in Miami, Florida, this ___4th___ day of October, 2012.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   All Counsel of Record